UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE FOR MORTGAGEIT TRUST 2005-1,<br><br>Plaintiff,<br><br>v.<br><br>DIONNE GINGHER, MARK D. SANDERS, and Does 1 through 5, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-00568-MCE-EFB-PS<br><br>**ORDER** |

On March 18, 2016, Defendant MARK SANDERS, proceeding in pro se, filed a Notice of Removal of this unlawful detainer action from the Solano County Superior Court.[1]  ECF No. 1.  This Court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

---

[1] Despite Defendant's pro se status, the undersigned revokes any actual or anticipated referral to a Magistrate Judge.  See E.D. Cal. Local R. 302(c)(21).

1

instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As explained below, Defendant has failed to meet that burden.

The Notice of Removal is premised on the argument that this Court has federal question jurisdiction pursuant to, inter alia, 28 U.S.C. §§ 1441(a) and 1446.[2] However, a review of the Complaint reveals that Plaintiff does not allege any federal claims; instead, Plaintiff alleges only unlawful detainer under state law. ECF No. 1 at 25-27.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the fact of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

Here, Plaintiff's one sole claim is for unlawful detainer under state law. At most, Defendant argues that he has a defense under federal law. "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted). Therefore, this Court lacks jurisdiction under 28 U.S.C. §§ 1441(a).

Accordingly:

1. The action is REMANDED to the Solano County Superior Court.

2. The Clerk of Court is directed to serve a certified copy of the order on the

---

[2] While Defendant also appears to refer to 28 U.S.C. § 1332 as a basis for removal, elsewhere in his Notice of Removal he states plainly that federal jurisdiction is not based on diversity of citizenship. Def.'s Notice, 9:24-25

      Clerk of the Solano County Superior Court, and reference the state case number (No. FCM 148908) in the proof of service.

3. Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot.

4. The Clerk of Court is directed to close this case and vacate all dates.

5. The Clerk of the Court is ordered not to open another case removing the following unlawful detainer action: No. FCM 148908.

IT IS SO ORDERED.

Dated: March 21, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT